# Exhibit 24



1629 K Street NW, Suite 300
Washington, DC 20006

Steve Bunnell
(202) 322 - 9116
steve@rajferber.com

May 14, 2025

*Confidential Treatment Requested*

**<u>VIA EMAIL</u>**

Joseph.mazzara@hq.dhs.gov; charles.wall@ice.dhs.gov

    **Re:    Harvard University – BOS214F0016200**

Dear Joseph:

On behalf of Harvard University, I'm writing in response to your email on May 7, 2025, which sought follow up on four categories of information—specifically, "relevant information regarding" student visa holders' "known illegal activity," "known dangerous or violent activity," "known threats to other students or university personnel," and "known deprivation of rights of other classmates or university personnel."

It is Harvard's understanding that 8 C.F.R. § 214.3(g)(1)—the provision cited in DHS's original request for records—does not impose an obligation on schools to maintain and produce information of this type. DHS has since stated that its request should not be construed as limited to § 214.3(g)(1). Harvard therefore understands the request to now extend to § 214.3(g)(2). This letter therefore supplements Harvard's original response on April 30 and is subject to the same parameters and reservations of rights.

Harvard's schools have reported that, for the relevant timeframe, they are not aware of any criminal convictions of F-1 students. Harvard also canvassed its schools' disciplinary authorities for information about F-1 students who received discipline that resulted in a change in academic status for conduct that did not result in a conviction but was illegal, dangerous, violent, or threatening, and identified the following F-1 student as having engaged in conduct responsive to DHS's four requests:

- SEVIS No. N0032022615. Academic Status: Withdrawn. Discipline Date: September 4, 2024. Discipline Reason: Student withdrawn for inappropriate social behavior involving physical violence, a dangerous weapon (portable speaker), and drugs and alcohol.

In addition, two F-1 student athletes were placed on probation in April 2025 for inappropriate social behavior involving alcohol. We do not believe this is the type of conduct your inquiry seeks but can provide more information upon request.

RAJ FERBER
P L L C

May 14, 2025
Page 2

Your request for information about 'known deprivation of rights' uses terms not defined in the regulation. Federal statutes that use similar formulations refer to rights secured by the Constitution or statute. Harvard's canvass of its schools did not reveal any F-1 student found, in the disciplinary context described above, to have deprived a classmate or university personnel of such rights. If you intended something else, please let us know, and, upon receipt of clarification, we will promptly reply in accordance with applicable law.

Finally, I want to reiterate that Harvard does not seek to withdraw from SEVP and any withdrawal of Harvard's SEVP certification would be involuntary. In addition, if any aspect of this production raises questions or is deemed incomplete or insufficient in any respect, and *before* DHS takes any steps adverse to Harvard due to any perceived deficiency in Harvard's response, Harvard respectfully requests that DHS notify Harvard's counsel in writing and provide an opportunity to discuss and to be heard, and, if appropriate following those discussions, to cure. Finally, this information is confidential and subject to the same request for confidential treatment outlined in my letter on April 30.

Sincerely,

*Steve Bunnell*

Steve Bunnell

cc: Kiran Raj, Raj Ferber PLLC