IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　Defendants. | Case No. _____ |

## CERTIFICATION OF BASIS FOR DESIGNATING AS RELATED CASE

Pursuant to Local Rule 40.1(g), Plaintiff President and Fellows of Harvard College ("Harvard") hereby certifies the basis for designating this case as related to *President and Fellows of Harvard College v. U.S. Department of Health and Human Services et al.*, No. 25-cv-11048 (D. Mass. Apr. 21, 2025) (the "Funding Case").

Under Local Rule 40.1(g)(1), "a civil case shall be deemed related to another civil case" if (A) "some or all of the parties are the same," and (B) "the cases involve the same or substantially similar issues of fact" or "arise out of the same occurrence, transaction or property." L.R. 40.1(g)(1)(A), (B)(i)-(ii). Both criteria are satisfied here.

The first criterion is satisfied because the plaintiff in this case is the same as in the Funding Case and some of the defendants in each case are the same as well.

The second criterion is also satisfied. In the Funding Case, Harvard challenges the government's freeze order and subsequent terminations of billions of dollars in multi-year grants to Harvard in retaliation for Harvard's exercise of its constitutionally protected academic freedom.

In this suit (the "SEVP Certification Case"), Harvard challenges the government's revocation of Harvard's longstanding certification to enroll international students under a program administered by the Department of Homeland Security called the Student and Exchange Visitor Program ("SEVP"). While the two cases involve different adverse actions against Harvard, both cases involve the same coordinated effort to retaliate against Harvard for its refusal to accede to government demands about what a private university can teach, whom it can admit and hire, and what areas of study it can pursue. Both adverse actions began in the immediate aftermath of Harvard refusing to accede to the government's April 11, 2025, demands that Harvard hire a third-party to "audit" the viewpoints of its students and faculty; overhaul its hiring and admissions to achieve the government's preferred level "viewpoint diversity"; refuse admission to international students "hostile to [] American values"; and (among other things) allow the government to review its faculty hires. Both adverse actions have cited as their justification the government's assertion that Harvard's campus is hostile to Jewish students and that Harvard employs "diversity, equity, and inclusion" policies. In other words, both adverse actions constitute improper and retaliatory punishment of Harvard for the same alleged activities.

Because the Funding Case and the SEVP Certification Case involve many of the same parties, *see* L.R. 40.1(g)(1)(A), and involve "substantially similar issues of fact" and "arise out of the same occurrence, transaction or property," *see* L.R. 40.1(g)(1)(B), this case should be designated as related to the Funding Case. Assigning this case to a different judge would be a waste of both judicial and party resources, as it would require two different judges to conduct factfinding—on an expedited basis—about similar adverse actions taken against Plaintiff in furtherance of the same unconstitutional goal. And it would cause numerous practical problems if the judges come to different conclusions about the same underlying facts.

For these reasons, the Court should designate this matter as related to the Funding Case, No. 25-cv-11048.

| | |
|---|---|
| Dated: May 23, 2025 | Respectfully submitted, |
| JENNER & BLOCK LLP | LEHOTSKY KELLER COHN LLP |
| Ishan Bhabha* <br> Ian Heath Gershengorn* <br> Lauren J. Hartz* <br> 1099 New York Avenue, NW <br> Suite 900 <br> Washington, DC 20001 <br> Tel: (202) 639-6000 <br> IBhabha@jenner.com <br> IGershengorn@jenner.com <br> LHartz@jenner.com | By: */s/ Steven P. Lehotsky* <br><br> Steven P. Lehotsky (BBO # 655908) <br> Scott A. Keller* <br> Serena M. Orloff* <br> Shannon G. Denmark* <br> Jacob B. Richards (BBO # 712103) <br> 200 Massachusetts Ave. NW, Suite 700 <br> Washington, DC 20001 <br> T: (512) 693-8350 <br> F: (512) 727-4755 <br> steve@lkcfirm.com <br> scott@lkcfirm. <br> serena@lkcfirm.com <br> shannon@lkcfirm.com <br> jacob@lkcfirm.com |
| Andrianna Kastanek* <br> 353 N Clark Street <br> Chicago, IL 60654 <br> Tel: (312) 222-9350 <br> AKastanek@jenner.com | |
| William A. Burck* <br> QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> 1300 I Street NW, Suite 900 <br> Washington, DC 20005 <br> williamburck@quinnemanuel.com | Katherine C. Yarger* <br> 700 Colorado Blvd., #407 <br> Denver, CO 80206 <br> katie@lkcfirm.com |
| Robert K. Hur* <br> KING & SPALDING LLP <br> 1700 Pennsylvania Ave. NW, Suite 900 <br> Washington, DC 20006 <br> rhur@kslaw.com | Joshua P. Morrow* <br> 408 W. 11th Street, 5th Floor <br> Austin, TX 78701 <br> josh@lkcfirm.com |
| | Danielle K. Goldstein* <br> 3280 Peachtree Road NE <br> Atlanta, GA 30305 <br> danielle@lkcfirm.com |
| | *Pro Hac Vice Applications Forthcoming* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2025, I caused the foregoing to be electronically filed with the clerk of the court for the U.S. District Court for the District of Massachusetts, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky
