**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

<table>
<tr><td>

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

*Plaintiffs*;

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY, et. al.,

*Defendants*.

</td><td>

Case No. 1:25-cv-11472

</td></tr>
</table>

**NOTICE OF FILING**

Defendants file the following Notice of Intent to Withdraw that was sent to

Harvard on May 28.

*Homeland Security Investigations*

**U.S. Department of Homeland Security**
Potomac Center North
500 12th Street, SW MS-5600
Washington, DC 20536-5600



**Homeland Security Investigations**

School Code: BOS214F00162000
May 28, 2025

Maureen Martin
Harvard University
c/o Harvard International Office
1350 Massachusetts Ave., Rm. 864
Cambridge, MA 02138
E-mail: Maureen_Martin@Harvard.edu

**Student and Exchange Visitor Program**
**Notice of Intent to Withdraw**

**Notice**

This Notice advises your school of the Student and Exchange Visitor Program's (SEVP) intent to withdraw your school's SEVP certification for failing to comply with the federal regulations detailed below. During a records review of Harvard University, compliance issues were identified that may result in the withdrawal of your school's certification and bar any further enrollment or education of nonimmigrant students.

The compliance issues, each sufficient by itself to warrant the withdrawal of certification, identified in this case include: (1) Failure to Comply with Reporting Requirements under 8 C.F.R. § 214.3(g); (2) Failure to Maintain a Campus Environment Free from Violence and Antisemitism; and (3) Practices with Foreign Entities Raising National Security Concerns.

**Harvard University has 30 calendar days to respond to this Notice.** The response must include any sworn statements, documents, or other evidence on which the school relies to rebut the alleged grounds for withdrawal. This Notice is not a means to submit information or evidence that should have been previously provided as a part of established reporting requirements. Rather, it provides an opportunity for your school to demonstrate compliance with all lawful requirements and overcome alleged deficiencies. Failure to respond to this notice within the time allotted will result in the withdrawal of your school's certification and will bar an appeal of that decision in accordance with Title 8 Code of Federal Regulations (8 C.F.R.) § 214.4(d).

**Procedural and Factual Summary**

In accordance with 8 C.F.R. § 214.4(b), SEVP institutes withdrawal proceedings if it, upon completion of an out-of-cycle review, determines that a school or its program no longer qualifies for certification. *See* 8 C.F.R. § 214(h)(3)(vi). A school found to be ineligible for continued SEVP

certification following an out-of-cycle review will receive a Notice of Withdrawal (WON). *See* 8 C.F.R. § 214.3(e)(7). SEVP will issue such a notice when a school that has undergone an out-of-cycle review has failed to sustain its eligibility for SEVP certification or has failed to comply with related regulatory requirements. *See* 8 C.F.R. § 214.3(e)(4)(ii).

Harvard University has been certified to enroll nonimmigrant students for over 70 years under Section 101(a)(15)(F) of the Immigration and Nationality Act (INA) for academic and language students.

On April 16, 2025, the Department of Homeland Security (DHS) issued Harvard University a Student Records Request seeking data about students involved in criminal activity, threatening behavior, protests, or other violent or disruptive acts on campus, whether on or off campus and whether any students left the University due to such activities.

On April 30, 2025, Harvard University, through its counsel, responded to the student record request. The response from Harvard contained a great deal of information on their foreign students but the University failed to directly address the specific questions in the request.

On May 7, 2025, the Acting DHS General Counsel notified Harvard University that its initial response was incomplete. DHS provided Harvard another opportunity to provide a complete response.

On May 14, 2025, Harvard University submitted an additional supplemental response to their April 30, 2025, response specifically to address "relevant information regarding" student visa holders' "known illegal activity," "known dangerous or violent activity," "known threats to other students or university personnel," and "known deprivation of rights of other classmates or university personnel." In response, Harvard University identified one F-1 student as having engaged in conduct responsive to DHS's request; however, this response was insufficient.

## Compliance Issues

### Issue 1: Harvard University Failed to Comply with Reporting Requirements under 8 C.F.R. § 214.3(g)

SEVP certification may be withdrawn if a school fails to comply with the recordkeeping and reporting requirements under 8 C.F.R. § 214.3(g). *See* 8 C.F.R. § 214.4(a)(2)(i)-(ii). On April 16, 2025, the Secretary of Homeland Security requested records pertaining to nonimmigrant students enrolled at Harvard University, including information regarding misconduct and other offenses that would render foreign students inadmissible or removable. On April 30, 2025, Harvard University, through its counsel, provided a response and student information that the school represented as responsive to this request. Upon review, DHS determined that Harvard University's April 30, 2025, answer was not responsive.

On May 7, 2025, the Acting DHS General Counsel sent Harvard University's counsel an email notifying Harvard University that its response did not completely address the Secretary's request and afforded the school until May 14, 2025, to provide the requested information or explain in

writing a detailed reason for withholding the requested information. On May 14, 2025, Harvard University, through its counsel, provided a second response. Upon review, DHS has determined that the May 14, 2025, response was also insufficient.

In review of the evidence provided, Harvard University has not sufficiently addressed the requested information, as specifically outlined in the student records request sent to the school. Harvard University has failed to fully comply with reporting required per 8 C.F.R. § 214.3(g), and therefore, the school is subject to withdrawal of its SEVP certification. 8 C.F.R. § 214.4(a)(2)(i)-(ii).

**Issue 2: Failure to Maintain a Campus Environment Free from Violence and Antisemitism**

On January 29, 2025, President Trump issued Executive Order 14188, which specifies that "[i]t shall be the policy of the United States to combat anti-Semitism vigorously, using all available and appropriate legal tools, to prosecute, remove, or otherwise hold to account the perpetrators of unlawful anti-Semitic harassment and violence." EO 14188 (Jan. 29, 2025). Under 8 C.F.R. § 214.4(a)(2), SEVP certification may be withdrawn if the school or school system is determined to no longer be entitled to certification for any valid and substantive reason.

Evidence obtained by DHS concerning Harvard University creates serious concerns that Harvard University has failed to maintain a campus environment free from violence and antisemitism. Evidence includes:

- A joint-government task force found that Harvard University has failed to confront pervasive race discrimination and anti-Semitic harassment plaguing its campus.
- Jewish students on campus were subject to pervasive insults, physical assault, and intimidation, with no meaningful response from Harvard University's leadership.
- A protester charged for his role in the assault of a Jewish student on campus was chosen by the Harvard Divinity School to be the Class Marshal for commencement.
- Harvard University's own 2025 internal study on anti-Semitism revealed that almost 60% of Jewish students reported experiencing "discrimination, stereotyping, or negative bias on campus due to [their] views on current events."
- In one instance, a Jewish student speaker at a conference had planned to tell the story of his Holocaust survivor grandfather finding refuge in Israel. Organizers told the student the story was not "tasteful" and laughed at him when he expressed his confusion. They said the story would have justified oppression.
- Meanwhile, Pro-Hamas student groups that promoted antisemitism after the October 7 attacks remained recognized and funded.

The above evidence creates serious concerns that Harvard University has failed to maintain a campus environment free from violence and antisemitism. This failure to protect Jewish students is a valid and substantive reason for withdrawing Harvard University's SEVP certification to enroll foreign students. *See* 8 C.F.R. § 214.4(a)(2).

**Issue 3: Harvard University's Practices with Foreign Entities Raise National Security Concerns**

Evidence obtained by DHS creates serious concerns that Harvard University has coordinated with the Chinese Communist Party (CCP) and other foreign entities adverse to national security. Evidence includes:

- Harvard University Received $151 Million From Foreign Governments Since January 2020 — making up more than 13 percent of the total $1.1 billion received from foreign donors over the same period.
- Harvard University hosted and trained members of the Xinjiang Production and Construction Corps (XPCC), a CCP paramilitary group complicit in the Uyghur genocide, even after its 2020 designation on the U.S. Treasury's Specially Designated Nationals List, with engagements continuing as recently as 2024.
- Harvard University researchers collaborated with China-based academics on projects funded by an Iranian government agent and partnered with Chinese universities tied to military advancements, including aerospace and optics research, using U.S. Department of Defense funds.
- Harvard University partnered with individuals linked to China's defense-industrial base, including conducting robotics research with military applications.

The above evidence creates serious concerns that Harvard University has coordinated with the CCP and other foreign adversaries. This coordination is a valid and substantive reason for withdrawing Harvard University's SEVP certification to enroll foreign students. *See* 8 C.F.R. § 214.4(a)(2).

## Action to be Taken

Your school has 30 calendar days from the date of service of this Notice to submit written representations under oath and supported by documentary evidence, setting forth the reasons why SEVP should not withdraw your school's certification.

If your school wishes, at the time of filing the answer discussed immediately above, it may submit a written request for a telephonic interview with SEVP. Your school also may be assisted by a legal counsel of its choice, at no expense to the Government. Failure to respond to this Notice within the time allotted, or admission of the allegations contained herein, will, pursuant to 8 C.F.R. § 214.4(d), result in the withdrawal of your school's certification. If SEVP certification is withdrawn, your school will then no longer be approved to enroll or continue to educate nonimmigrant students.

At the time of filing its response, your school may request in writing (e-mailed requests are acceptable) a telephonic interview with SEVP. Please submit any such request in a separate document from the remainder of the response to ensure that the request is successfully captured.

Providing materially false, fictitious, or fraudulent information may subject you to criminal prosecution under 18 USC § 1001. Other possible criminal and civil violations may be applicable.

This Notice is issued based upon your school's approved Form I-17. If your institution has a Form I-17 update that does not affect the designation of your school's P/DSO(s) or a recertification petition that is pending adjudication in SEVIS, SEVP will not adjudicate the update or recertification petition until the resolution of this Notice. Pending updates related to the addition, modification, or removal of P/DSO(s) will continue to be adjudicated as they are received.

All documentation must be submitted within the 30-calendar day deadline and at one time via upload in SEVIS. SEVP cannot accept any documentation from a third-party server such as Dropbox or Google Drive. All documents submitted to SEVP should be in a Portable Document Format (PDF) not exceeding 10 MB in size. Please do not send any documents via email. Please also note that changes may not be made to your school's petition after it is submitted to SEVP.

Please note that all evidence should be uploaded to SEVIS. If you have questions regarding logging into or using SEVIS, please contact the SEVP Response Center at 703-603-3400 or by email to sevp@hsi.dhs.gov.

## Voluntary Withdrawal

According to 8 C.F.R. § 214.3(h)(3)(vii), your school has the option to voluntarily withdraw its SEVP certification by submitting a letter on official school letterhead and signed by the president, owner, or head of school. There is no appeal of voluntary withdrawals, but your school may file a new petition for SEVP certification at any time. SEVP will provide assistance regarding how your school will need to inform and make provisions for its initial and active nonimmigrant students if it seeks to voluntarily withdraw its SEVP certification.


Sincerely,

Todd Lyons
Acting Director
U.S. Immigration and Customs Enforcement

Dated: May 29, 2025                                    Respectfully submitted,

**Yaakov M. Roth**
Acting Assistant Attorney General
Civil Division

**Eric Hamilton**
Deputy Assistant Attorney General
Federal Programs

**Bridget K. O'Hickey**
Counsel to the Assistant Attorney General
Civil Division

*/s/Tiberius Davis*
**Tiberius Davis**
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
tiberius.davis@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that on May 29, 2025, a true and correct copy of the foregoing

document was electronically filed via the Court's CM/ECF system which sends

notice of electronic filing to all counsel of record.

s/Tiberius Davis
**Tiberius Davis**
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
tiberius.davis@usdoj.gov

*Counsel for Defendants*