IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 1:25-cv-11472-ADB |

**MOTION FOR A TEMPORARY RESTRAINING ORDER**

This suit challenges the government's continuing unlawful and retaliatory actions to bar Harvard University from hosting international students and scholars.

On May 22, 2025, the Department of Homeland Security sent Harvard University a letter revoking its authority to host nonimmigrant F and J visa holders (the "Revocation Notice"). The next day, Plaintiff President and Fellows of Harvard College ("Harvard") filed this lawsuit challenging the Revocation Notice on constitutional and statutory grounds. The same day, the Court entered a temporary restraining order (TRO) and, on May 29, the Court held a hearing to convert that order into a preliminary injunction. At that hearing, the Court ruled orally that it would grant the motion for a preliminary injunction. The parties have since been negotiating the terms of a preliminary injunction, as directed by the Court.

Yet on June 4, 2025, President Trump issued a Proclamation titled "Enhancing National Security by Addressing Risks at Harvard University" that immediately suspends entry of foreign nationals who "enter or attempt to enter the United States to begin attending Harvard University,"

directs the Secretary of State to consider whether to revoke the F, M, and J visas of current Harvard students and scholars, and directs the Secretary of State, the Attorney General, and the Secretary of Homeland Security to consider limiting Harvard's ability to participate in the Student and Exchange Visitor Program (SEVP) and the Student and Exchange Visitor Information System (SEVIS).[1] The Proclamation makes plain that it directs these actions and suspends entry of these students and scholars not because of any risk they pose—it expressly states that these students could be admitted for the purpose of attending *any other school in the country*—but solely to force Harvard to yield to the Administration's unlawful demands..

Just like the Revocation Notice that came before it, the Proclamation is retaliation, discriminates based on viewpoint, and otherwise violates the First Amendment. It also is unlawful under the statutory authorities on which it relies, violates the Equal Protection Clause, and is an end run around this Court's TRO. If not enjoined, the Proclamation will result in immediate, irreversible, and ongoing harm to Plaintiff and its students. Effective immediately, the thousands of international students scheduled to come to campus for summer and fall terms are barred from entering the United States, and approximately a quarter of Harvard's current student body is at imminent risk of having their visas revoked and becoming subject to deportation. Countless academic programs, research laboratories, clinics, and courses supported by Harvard's F-1 and J-1 visa students have been thrown into disarray. The loss of Harvard's international students and scholars, present and future, and their trust and faith in Harvard's ability to host visa holders, will have an irreversible impact on the University's reputation and status as a preeminent institution of

---

[1] President of the United States, Proclamation: Enhancing National Security by Addressing Risks at Harvard University" ("Proclamation") (Am. Compl. Ex. 29).

learning. Immediate relief is necessary.

Harvard thus has filed an Amended Complaint that restates the claims in the original Complaint and adds new claims challenging the Proclamation. Harvard now respectfully moves the Court, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, to enter a temporary restraining order against Defendants Department of Homeland Security, Kristi Noem, Immigrations and Customs Enforcement, Todd Lyons, Department of Justice, Pamela Bondi, SEVP, Jim Hicks, Department of State, and Marco Rubio (collectively, "Defendants"), enjoining Defendants, their agents, and anyone acting in concert or participation with Defendants from implementing, instituting, maintaining, enforcing, or giving force or effect to the June 4, 2025 Presidential Proclamation titled, "Enhancing National Security by Addressing Risks at Harvard University."

Harvard also moves pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure to extend the Court's May 23, 2025 TRO until June 20, 2025, or such earlier time as a preliminary injunction order can be issued. Good cause exists for such extension in light of the disruption the Proclamation has caused to the parties' efforts to convert that TRO to a preliminary injunction, because  the many legal infirmities with respect to the Revocation Notice remain the same, and because Harvard will suffer irreparable harm absent preservation of the status quo ante.

As set forth in the accompanying memorandum, Harvard has established a strong likelihood of success on the merits of its claims; that it will suffer irreparable harm absent relief; and that the balance of equities and the public interest weigh strongly in favor of a temporary restraining order.

Dated: June 5, 2025

JENNER & BLOCK LLP

Ishan Bhabha*
Ian Heath Gershengorn*
Lauren J. Hartz*
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
IBhabha@jenner.com
IGershengorn@jenner.com
LHartz@jenner.com

Andrianna Kastanek*
353 N Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
AKastanek@jenner.com


William A. Burck*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
williamburck@quinnemanuel.com


Robert K. Hur*
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
rhur@kslaw.com

Respectfully submitted,

LEHOTSKY KELLER COHN LLP

By: */s/ Steven P. Lehotsky*
Steven P. Lehotsky (BBO # 655908)
Scott A. Keller*
Serena M. Orloff*
Shannon G. Denmark*
Jacob B. Richards (BBO # 712103)
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
T: (512) 693-8350
F: (512) 727-4755
steve@lkcfirm.com
scott@lkcfirm.com
serena@lkcfirm.com
shannon@lkcfirm.com
jacob@lkcfirm.com

Katherine C. Yarger*
700 Colorado Blvd., #407
Denver, CO 80206
katie@lkcfirm.com

Joshua P. Morrow*
408 W. 11th Street, 5th Floor
Austin, TX 78701
josh@lkcfirm.com

Danielle K. Goldstein*
3280 Peachtree Road NE
Atlanta, GA 30305
danielle@lkcfirm.com


*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

Counsel for Plaintiff certify that they have submitted the foregoing document with the clerk of court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for Plaintiff hereby certify that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

Dated: June 5, 2025                          */s/ Steven P. Lehotsky*
                                             Steven P. Lehotsky

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a) and Federal Rule of Civil Procedure 65, counsel for Plaintiff

certify that they have contacted the following individuals at the U.S. Department of Justice by

electronic mail to provide notice of this motion:

**Tiberius Davis**
U.S. Department of Justice, Civil Division
tiberius.davis@usdoj.gov

**Rayford Farquhar**
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
rayford.farquhar@usdoj.gov

As of the time of filing, Defendants have not taken a position on the motion.

Dated: June 5, 2025                                         */s/ Steven P. Lehotsky*
                                                            Steven P. Lehotsky