UNITED STATES DISTRICT
COURT DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-11472-ADB |

**DEFENDANTS' PROPOSED PRELIMINARY INJUNCTION ORDER**

Plaintiff and Defendants have, in good faith, conferred on a proposed preliminary injunction. Defendants, in line with the Court's directive, want to focus the preliminary injunction on ensuring the SEVP withdrawal process is followed. Plaintiff, however, seeks three unnecessary and problematic clauses that go beyond what is required at this stage. Plaintiff requests (1) a broad prohibition that could sweep in other lawful action, (2) a premature 30-day injunction against the results of the very procedures it sought, and (3) the disclosure of privileged guidance documents to the public. The Court should reject these requests and adopt Defendants' proposed order, which aligns with Plaintiff on the material points at issue. *See* Proposed Order Redline.

1

*First*, Plaintiff seeks to include an overbroad and unnecessary clause in paragraph F: "any other departure from the status quo by means of a categorical restriction of Plaintiff's authority to sponsor non-immigrant F visas or J visas."  The Government believes that either this clause is redundant or sweeps far too broadly to include legal issues beyond those at issue in this proposed preliminary injunction.  The initial hearing (ECF 13) was premised on converting the first Temporary Restraining Order (ECF 9) into a possible preliminary injunction.  The purpose of the proposed preliminary injunction order (ECF 50) was to maintain the status quo from that original TRO.  As Plaintiff's original complaint (ECF 1 Counts I-X) and Motion for a Temporary Restraining Order (ECF 9) make clear, this case was about the May 22, 2025, revocation of Harvard's SEVP certification, its Exchange Visitor Program designation, and the attendant consequences.  So that is all the proposed preliminary injunction should cover.  Paragraphs A through C, and the agreed parts of paragraph F, make clear that Harvard's SEVP certifications and Exchange Visitor Program designation cannot be revoked without going through the procedures under 8 C.F.R. §§ 214.3, 214.4, and 22 C.F.R. Part 62.  That suffices to maintain the status quo "while the Notice of Intent to Withdraw process is ongoing."  ECF 50.  As a result, the contested language is unnecessary and should be struck because its scope is imprecise.

      The only reason Plaintiff would have to include this broad language is to sweep in other potential actions by the Government.  Other legal avenues for restricting Plaintiff's foreign students are not at issue in this proposed preliminary injunction.  For example, the President signed a Proclamation that is subject to a separate TRO (ECF 59) and is being briefed for a preliminary injunction hearing on June 16 (ECF 60).  That process should be fully litigated on the merits rather than be prematurely subject to this proposed preliminary injunction. That is especially the case because the Proclamation is a separate legal action under separate authority

by a non-defendant. While the Government does not believe the Proclamation is a "categorical restriction of Plaintiff's authority to sponsor" F or J visas because it does not ban the entry of existing students or restrict Plaintiff's SEVP certification or Exchange Visitor Program designation, the proposed clause could be interpreted that way. The Government wants to make clear that this and other potential legal actions are not part of this proposed order and cannot be enjoined now. Plaintiff must bear its burden to enjoin any other actions, as it implicitly acknowledged by filing an amended complaint (ECF 54) and motion (ECF 56) to challenge the Proclamation.

*Second*, Plaintiff seeks a 30-day stay of any suspension, withdrawal, revocation, termination, or other alteration of its SEVP certification or Exchange Visitor Program designation under the procedures laid out in 8 C.F.R. §§ 214.3 and 214.4 or 22 C.F.R. Part 62. The Government believes this premature Temporary Restraining Order is unwarranted. The Court directed the Parties to confer on a proposed order so the "[s]tatus quo [will] remain in place *while* the Notice of Intent to Withdraw process is *ongoing*." ECF 50 (emphasis added). The point of the order is to ensure the procedures are followed, not to freeze the results of that process. In any event, preliminary relief requires an irreparable harm and likelihood of success. But the procedures will take time. And there is no basis to stay the result of that process without knowing what the outcome or reasoning will be. That is especially so when the Government is using these procedures to address some of the concerns Harvard raised in this suit. The gap in time, agency decision makers, and reasoning will alter any possible retaliation analysis. And if the agencies determine there is an immediate need to withdraw Harvard's SEVP certification or EVP designation, the Government may be irreparably harmed by being prematurely forced to wait 30 extra days to do so. On the other hand, if Harvard believes there are still issues with the

decision, it can quickly move for relief (as it did twice here) taking the new facts into account and permitting full briefing of the issues.

*Third*, in paragraph H, Plaintiff seeks to require Defendants to publicly provide "a copy of the guidance" for compliance with the preliminary injunction. Such guidance is drafted by or in consultation with agency attorneys to advise their agencies on complying with court orders. Thus, guidance documents fall squarely within the attorney client and work product privileges. *See Hawkinson v. Immigr. & Customs Enf't*, 554 F. Supp. 3d 253, 269 (D. Mass. 2021) (guidance from ICE attorneys on how to implement injunction is work product); *New York Times v. U.S. Dep't of Just.*, 101 F. Supp. 3d 310, 322–24 (S.D.N.Y. 2015) (guidance memorandum drafted by agency lawyers to advise agency personnel on how to comply with changes in the law were protected work product). While the Government may sometimes voluntarily share these documents, that is not the norm, and it is under no obligation to do so. The Government does not wish to waive its privileges here and cannot be forced to do so. *See Anderson v. Montgomery Ward & Co.*, 1987 WL 5682, at *1 (N.D. Ill. Jan. 16, 1987) ("It is settled law that a litigant may not force an opposing party to waive the attorney-client privilege"). And there is no need for it to do so here. If there are compliance issues, Harvard is free to raise them. Seeing internal guidance documents from the Defendants will not change this; it will only serve to intrude on the attorney-client relationship between agency attorneys and the implementing employees.

Defendants' proposed order more than accomplishes the Court's goal of maintaining the status quo with regard to the Harvard SEVP certification and EVP designation while the administrative process plays out. ECF 50. Plaintiff's additions are unnecessary for that purpose and raise a number of serious concerns. As a result, the Court should enter Defendants' modified preliminary injunction order.

Dated: June 12, 2025                              Respectfully submitted,

                                                         BRETT SCHUMATE
Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division

BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General
Civil Division

s/ *Tiberius T. Davis*
TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
tiberius.davis@usdoj.gov

*Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

I, Tiberius Davis, hereby certify that I served a true copy of the above document upon all counsel of record via this court's electronic filing system and upon any non-registered participants via first class mail.

Dated: June 12, 2025                                /s/ *Tiberius Davis*

                                                                           TIBERIUS DAVIS
                                                                           Counsel to the Assistant Attorney General