IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>*Defendants*. | Case No. 25-cv-11472 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

The Court hereby grants Plaintiff's Motion and enters a preliminary injunction order pursuant to Fed. R. Civ. P. 65(a) against Defendants United States Department of Homeland Security, Kristi Noem, United States Immigration and Customs Enforcement, Todd Lyons, Student and Exchange Visitor Program, John Doe, James Hicks, United States Department of Justice, Pamela Bondi, United States Department of State, and Marco Rubio (collectively, "Defendants"). Defendants, their agents, and anyone acting in concert or participation with Defendants are hereby:

A. Enjoined from implementing, instituting, maintaining, or giving any force or effect to the May 22, 2025 revocation of Plaintiff's Student and Exchange Visitor Program ("SEVP") certification, including but not limited to through: the termination of Plaintiff's SEVIS access; any determination that a visa holder has failed to maintain nonimmigrant status on the basis of the revocation of Plaintiff's SEVP certification; any adverse action or determination with respect to a visa application on the basis of

1

the revocation of Plaintiff's SEVP certification; or any denial of admission to the United States on the basis of the revocation of Plaintiff's SEVP certification.

B. Enjoined from implementing, instituting, maintaining, or giving any force or effect to any purported revocation of Plaintiff's Exchange Visitor Program designation in the May 22, 2025 Revocation Notice, including but not limited to through: the termination of Plaintiff's SEVIS access; any determination that a visa holder has failed to maintain nonimmigrant status on the basis of any purported revocation of Plaintiff's Exchange Visitor Program designation; any adverse action or determination with respect to a visa application on the basis of any purported revocation of Plaintiff's Exchange Visitor Program designation; or any denial of admission to the United States on the basis of any purported revocation of Plaintiff's Exchange Visitor Program designation.

C. Enjoined from giving any force or effect to the Department of Homeland Security's May 22, 2025 Revocation Notice, including but not limited to through: the termination of Harvard's SEVIS access; any determination that a visa holder has failed to maintain nonimmigrant status on the basis of the Revocation Notice; any adverse action or determination with respect to a visa application or visa holder on the basis of the Revocation Notice; or any denial of admission to the United States on the basis of the Revocation Notice.

D. Directed to immediately prepare guidance to Defendants' officers, staff, employees, and contractors—including but not limited to those at each consulate, embassy, field office, and port of entry—to disregard the May 22, 2025 Revocation Notice and to restore every visa holder and applicant to the position that individual would have been

in absent such Revocation Notice. Defendants' guidance must be issued within 72 hours of entry of this Order.

E. Ordered to take, in good faith, such other steps as are necessary to prevent the implementation of or the giving of any force or effect to the May 22, 2025 Revocation Notice during the effective period of this Order.

F. Precluded from giving effect to any suspension, withdrawal, revocation, termination, or other alteration of Plaintiff's SEVP certification or Exchange Visitor Program designation ~~or any other departure from the status quo by means of a categorical restriction of Plaintiff's authority to sponsor non-immigrant F visas or J visas,~~ other than through the procedures laid out in 8 C.F.R. §§ 214.3 and 214.4, including as executed by issuance of the May 28, 2025 Notice of Intent to Withdraw ("NOIW"), or in 22 C.F.R. Part 62. ~~Any suspension, withdrawal, revocation, termination, or other alteration of Plaintiff's SEVP certification or Exchange Visitor Program designation through the procedures laid out in 8 C.F.R. §§ 214.3 and 214.4, including as executed by issuance of the May 28, 2025 NOIW, shall be stayed for 30 days to permit the parties to seek injunctive relief as appropriate from the Court.~~

G. Defendants are not precluded by this Order from reviewing Plaintiff's compliance with the regulations in 22 C.F.R Part 62 as a designated sponsor in the Exchange Visitor Program or from issuing routine requests for information and documents from Plaintiff in order to assist in the regulatory compliance review. Nothing in this Order is intended to prevent Plaintiff from challenging the scope or validity of such actions on any grounds.

H.  Ordered to file a status report within 72 hours of entry of this Order describing the steps taken to ensure compliance with this Order ~~including providing a copy of the guidance described in Section D above~~ and certifying compliance with its requirements.

It is so ordered.

_____
District Judge