IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,
Plaintiffs,
v.
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security;
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;
TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement;
STUDENT AND EXCHANGE VISITOR PROGRAM;
JOHN DOE, in their official capacity as Director of the Student and Exchange Visitor Program;
JAMES HICKS, in his official capacity as Deputy Assistant Director of the Student and Exchange Visitor Program;
UNITED STATES DEPARTMENT OF JUSTICE;
PAMELA BONDI, in her official capacity as Attorney General of the United States;
UNITED STATES DEPARTMENT OF STATE;
MARCO RUBIO, in his official capacity as Secretary of the United States Department of State,

and
Theodore William Somach
Defendant-Intervenor

Civil Action: 1:25-cv-11472

Theodore William Somach hereby moves to intervene in the above-captioned case as a party-defendant pursuant to Rule 24 of the Federal Rules of Civil Procedure, and 42 U.S.C

In support of this motion, the Theodore William Somach submits:

1. The plaintiffs' complaint was filed on May 23, 2025, in the above-captioned case asserting claims under the First Amendment, the Due Process Clause, and the Administrative Procedure Act discriminate against non-citizen foreign nationals seeking to enroll in their university programs.

2. Coordinated Violations of the Hatch Act using foreign nationals as proxies prevents plaintiffs from making claims of discrimination against foreign non-citizen nationals via Harvard University on the basis of the First Amendment, Due Process Clause, and Administrative Procedure Act

3. Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right when a statute of the United States confers an unconditional right to intervene or when the applicant claims an interest in the subject matter of the action which may be affected. Rule 24(b) provides for permissive intervention when an applicant's claim and the main action have common questions of law or fact.

4. Theodore William Somach meets the requirements of Rule 24(a) because, inter alia, there is a statute conferring an unconditional right to intervene, and, in addition, Theodore William Somach has a sufficient interest in the subject matter of the litigation which may be impaired. The requirements for permissive intervention are also met. Theodore William Somach has a strong interest in the proper and effective interpretation and application of the First Amendment, Due Process Clause, and Administrative Procedure Act in relation to coordinated conspiracy and validated violations of the Hatch Act, which may be affected by this litigation.

6. Both Defendants and Theodore William Somach claim violations that are related and these claims are based on substantially the same facts, legal and public record from harmed Nation States.

7. The vast media attention, public comment via elected officials, etc. has confirmed this case as one of general public importance.

8. Theodore William Somach's proposed intervention is timely. No dispositive motions have been filed with the Court. The Court has recently entered a preliminary ruling and no trial date has yet been set. In recent days the court has ruled a motion to overturn the blocking of foreign students - a grave threat to US National Security and insulting millions of victims worldwide. Given that this case has reached a critical point and in order to prevent further harm and terrorism via plaintiffs in Sovereign Nation States - Theodore William Somach now files this Motion to Intervene.

9. Intervention as of right is sought on the claims of violations of the First Amendment to the Constitution and the laws of the United States, the Due Process Clause, and the Administrative Procedure Act.  In the alternative, permissive intervention is sought.

Wherefore, Theodore William Somach requests that this Court allow it to intervene and permit Theodore William Somach to file this Complaint-in-Intervention.

Respectfully Submitted via Electronic Mail

Theodore William Somach
Sofia, Bulgaria