UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 25-cv-11472-ADB<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## MEMORANDUM AND ORDER DENYING THEODORE SOMACH'S MOTION TO INTERVENE

BURROUGHS, D.J.

Currently before the Court is movant Theodore Somach's ("Somach") motion to intervene. [ECF No. 76]. For the following reasons, the motion is **DENIED**.

Federal Rule of Civil Procedure 24 allows intervention of right and permissive intervention. Rule 24(a), "intervention of right," provides that, upon a "timely motion," the Court "must permit anyone to intervene who . . . claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party may intervene as a matter of right under Rule 24(a) if it meets the following four requirements:

> First, the application must be timely. Second, the applicant must claim an interest relating to the property or transaction which is the subject of the action. Third, the applicant must be so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest. Fourth, the applicant must show that [its] interest will not be adequately represented by existing parties.

1

Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989).  A "[f]ailure to satisfy any single requirement for intervention . . . is sufficient grounds to deny [the] request.'" Victim Rights Law Center v. Rosenfelt, 988 F.3d 556, 560–61 (1st Cir. 2021).  For "a party to claim standing [to intervene they] must have an interest distinct from that of every other citizen or taxpayer."  Daggett v. Comm'n on Governmental Ethics & Election Pracs., 172 F.3d 104, 110 (1st Cir. 1999) (citations omitted).   This reflects a well-founded reluctance to allow intervention "by individuals whose interest is infinitely diluted, rests solely on ideological grounds, or could be replicated by an unlimited number of parties or would-be intervenors." Id. at 110 (citing United States v. Richardson, 418 U.S. 166, 179–80 (1974)).

Here, Somach argues that intervention is warranted to protect his "strong interest in the proper and effective interpretation and application of the First Amendment, Due Process Clause, and Administrative Procedure Act in relation to coordinated conspiracy and validated violations of the Hatch Act." [ECF No. 76 ¶ 4].  In his argument for intervention, however, Somach admits that his interests are "related" to and "based on substantially the same facts" as Defendants' claims, and he concedes that this case is one of "general public importance."  [Id. ¶¶ 6–7].  Based on the record before it, the Court is not satisfied that Somach meets the fourth requirement, namely that his interest will not be adequately represented by the parties to this case, or that his interests are "distinct from that of every other citizen or taxpayer." Daggett, 172 F.3d at 110.  To the extent Somach relies on a purported Hatch Act claim to warrant his intervention, the Court is unclear on both the factual basis for the claim, [ECF No. 76 ¶¶ 2, 6], and Somach's standing to bring it, given that the Hatch Act does not provide for a private right of action.  5 U.S.C. § 1504; see also Komatsu v. City of New York, No. 20-cv-07046, 2021 WL 3038498, at *14 (S.D.N.Y July 16, 2021) ("The government has exclusive enforcement

authority over Hatch Act violations; thus, there is no private right of action . . . to enforce it."); Connolly v. Cnty. of Hudson, No. 09-cv-04509, 2011 WL 2489815, at *6 (D.N.J. June 21, 2011) ("[T]he [Hatch] Act does not make a violation . . . privately actionable."). Consequently, Somach has failed to satisfy the requirements for intervention by right.

Alternatively, under Rule 24(b), "permissive intervention," the Court "may," on a timely motion, "permit anyone to intervene who . . . has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention is 'wholly discretionary,' and a court should consider whether intervention will prejudice the existing parties or delay the action." In re Bos. Sci. Corp. ERISA Litig., 254 F.R.D. 24, 33 n.82 (D. Mass. 2008) (quoting In re Sonus Networks, Inc. Sec. Litig., 229 F.R.D. 339, 345 (D. Mass. 2005)). "[A] district court's discretion to grant or deny motions for permissive intervention is very broad." T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 42 (1st Cir. 2020) (citations omitted). The Court may consider various factors to determine whether permissive intervention is warranted. See id. at 41–42 (explaining that "a district court mulling permissive intervention is free to consider whether 'the applicants may be helpful in fully developing the case[,]'" and "that 'more parties would complicate' matters unnecessarily" (quoting Daggett, 172 F.3d at 113)). Here, the Court does not believe that allowing Somach to intervene will be helpful, constructive, or protective of an otherwise unrepresented interest. Therefore, the motion to intervene, [ECF No. 76], is **DENIED**.

       **SO ORDERED.**

July 7, 2025                                              */s/ Allison D. Burroughs*
                                                                 ALLISON D. BURROUGHS
                                                                 U.S. DISTRICT JUDGE