UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 25-cv-11472-ADB |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | * * * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff, the President and Fellows of Harvard College ("Plaintiff" or "Harvard"), brings

this suit against the United States Department of Homeland Security ("DHS"), Kristi Noem,

United States Immigration and Customs Enforcement, Todd Lyons, Student and Exchange

Visitor Program, James Hicks, United States Department of Justice, Pamela Bondi, United States

Department of State, and Marco Rubio (collectively, "Defendants") following Defendants'

revocation of Harvard's ability to host international students.  [ECF No. 54 ("Amended

Complaint" or "Am. Compl.")].  Harvard challenges on constitutional and regulatory grounds the

lawfulness of both a May 22, 2025 letter from Secretary Noem revoking the university's Student

and Exchange Visitor Program ("SEVP") certification (the "SEVP Revocation Letter") and

Presidential Proclamation 10948 titled "Enhancing National Security by Addressing Risks at

Harvard University" made on June 4, 2025 prohibiting foreign nationals from entering the

country to attend Harvard (the "Proclamation").

Currently before the Court is Defendants' motion to dismiss Harvard's Amended Complaint in its entirety.  [ECF No. 85 ("Motion to Dismiss" or "MTD")].  For the reasons stated herein, Defendants' Motion to Dismiss is **DENIED AS MOOT** and the case is **STAYED** pending resolution of Defendants' appeal of the Court's June 23, 2025 ruling, [ECF No. 75 ("Proclamation Preliminary Injunction Memorandum and Order" or "Proclamation PI M&O")].

## I.      BACKGROUND

### A.      Factual Background

The Court has already detailed the relevant factual background for this case in its Proclamation Preliminary Injunction Memorandum and Order granting Harvard's motion for a preliminary injunction enjoining enforcement of the Proclamation, [Proclamation PI M&O at 2–12], and the following discussion assumes familiarity with that background.

### B.      Procedural History

On May 22, 2025, DHS sent Harvard the SEVP Revocation Letter in which it stated that it was revoking Harvard's SEVP certification, effective immediately.  [Am. Comp. ¶¶ 150–58].  The following day, Harvard filed a complaint and a motion for a temporary restraining order ("TRO") to stop the enforcement of the SEVP Revocation Letter.  [ECF Nos. 1, 4].  The Court granted the TRO on May 23, 2025.  [ECF No. 11].  On May 28, 2025, DHS filed a copy of a Notice of Intent to Withdraw advising Harvard that it intended to withdraw the school's SEVP certification through the administrative process provided for in 8 C.F.R. § 214.4 (the "NOIW").  [ECF No. 49].  The Court held a hearing on May 29, 2025, during which Defendants represented that the SEVP Revocation Letter would not be in force while the NOIW proceedings took place.  [ECF No. 52 at 15:11–16].

On June 4, 2025, the President issued the Proclamation pursuant to 8 U.S.C. § 1182(f), barring F-1 and M visas for "any alien . . . to pursue a course of study at Harvard University" and J-1 visas for "any alien . . . to participate in an exchange visitor program hosted by Harvard University." [ECF No. 54-7 at 5]. On June 5, 2025, Harvard filed a motion for another TRO, this time to enjoin the implementation of the Proclamation, [ECF No. 56], which was granted the same day, [ECF No. 59].

On June 20, 2025, the Court granted Harvard's request for a preliminary injunction enjoining Defendants from giving effect to the SEVP Revocation Letter, see [ECF No. 73], and on June 23, 2025, the Court granted Harvard's request for a preliminary injunction enjoining Defendants from giving effect to the Proclamation, see [Proclamation PI M&O]. On June 27, 2025, Defendants appealed this Court's ruling on the Proclamation preliminary injunction, [ECF No. 77], and that appeal remains pending before the First Circuit Court of Appeals as of the date of this decision, appeal docketed, No. 25-1627 (1st Cir. July 1, 2025).

On August 6, 2025, Defendants filed a stipulation stating that they would not rely on the SEVP Revocation Letter "to revoke Harvard's SEVP certification or [EVP] designation." [ECF No. 84 at 1 (the "Stipulation")].[1] Two days later, on August 8, 2025, Defendants filed their Motion to Dismiss Harvard's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). See [MTD]. Harvard opposed the motion on September 5, 2025. See [Opp.].

---

[1] Harvard argues, however, that DHS has yet to actually rescind or disavow the SEVP Revocation Letter, [ECF No. 89 at 16–17 ("Opposition" or "Opp.")].

## II.     DISCUSSION

Although no party has objected to the Court's jurisdiction to rule on the Motion to Dismiss while Defendants' appeal of the Proclamation Preliminary Injunction Memorandum and Order is pending, "[a] federal court must always satisfy itself that it has jurisdiction." Riley v. Bondi, 606 U.S. 259, 273 (2025) (citing United States v. Kwai Fun Wong, 572 U.S. 402, 408–09 (2015)).  "[A]s a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" United States v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998) (quoting United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993)); see Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (finding that the filing of an appeal "divests the district court of its control over those aspects of the case involved in the appeal"); Sycuan Band of Mission Indians v. Roache, 788 F. Supp. 1498, 1511 (S.D. Cal. 1992) ("During the pendency of the appeal, the district court retains only the limited jurisdiction to assist the appellate court in its resolution of the appeal. . . . The rule derives from the desire to avoid the confusion and inefficiency that might result from two different courts deciding the same issue at the same time." (first citing United States v. Lafko, 520 F.2d 622, 627 (3d Cir. 1975); and then citing Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983))).  Absent a stay issued by a higher court, however, "further proceedings in the same controversy often may continue in the district court while an appeal in an earlier phase is pending," Contour Design, Inc. v. Chance Mold Steel Co., Ltd., 649 F.3d 31, 34 (1st Cir. 2011) (citing Ex parte Nat'l Enameling & Stamping Co., 201 U.S. 156, 162 (1906)), and the interlocutory appeal of a preliminary injunction does not necessarily "divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending," id. (quoting 11A Charles C. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2962, at 438–39 (2d

ed. 1995)); see Rigby v. Damant, 486 F. Supp. 2d 222, 225 (D. Mass. 2007) ("Appeal from an interlocutory order does not divest this court of jurisdiction to proceed with matters unrelated to the appeal." (emphasis added)).

Here, the First Circuit has not entered a stay preventing this Court from exercising jurisdiction over the Motion to Dismiss. There is, however, considerable overlap of the substantive issues on appeal and the arguments made in Defendants' memorandum in support of their Motion to Dismiss, including whether the Proclamation satisfies the standard articulated in Hawaii v. Trump, 585 U.S. 667 (2018), and Kleindienst v. Mandel, 408 U.S. 753 (1972), and the applicable standards of review and causation for Harvard's constitutional claims, see Brief for Defendants-Appellants, President & Fellows of Harvard Coll. v. DHS, No. 25-1627, (1st Cir. Aug. 25, 2025); [ECF No. 86 ("Memorandum in Support of Motion to Dismiss" or "MIS MTD")]. Indeed, almost all of Defendants' Memorandum in Support of their Motion to Dismiss is dedicated to these topics, see generally [MIS MTD], which are highly relevant to the evaluation of most of Plaintiff's claims. The Court is reluctant, therefore, to proceed with ruling on the Motion to Dismiss insofar as it involves the matters that are currently on appeal to the First Circuit.

While these jurisdictional considerations alone could necessitate a stay, at least in part, the Court also "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "[F]ederal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." Marquis v. F.D.I.C., 965 F.2d 1148, 1154 (1st Cir. 1992) (collecting cases). Courts have utilized this inherent power in similar situations. See, e.g., Gray v. Gray, No. 22-cv-00560, 2025 WL

1124621, at *2–4 (D.N.H. Apr. 16, 2025) (finding "[a] stay for the duration of the appeal [to be] reasonable to avoid duplicative litigation and a risk of inconsistency"); Amadi v. McManus, No. 16-cv-11901, 2017 WL 11509440, at *1 (D. Mass. June 15, 2017) (issuing stay sua sponte while appeal of related case was pending); Latta v. U.S. Dep't of Educ., 653 F. Supp. 3d 435, 437–38 (S.D. Ohio 2023) (issuing stay of case challenging student loan forgiveness program sua sponte while two other cases challenging the program were on appeal to the Supreme Court).  That said, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced."  Marquis, 965 F.2d at 1155 (collecting cases).

Here, the extensive overlap between the issues on appeal and those implicated in Defendants' Motion to Dismiss in conjunction with the risk of inconsistent rulings from this Court and the First Circuit, as discussed supra, justify the issuance of a stay that is limited in duration to the pendency of the appeal of this Court's earlier ruling.  Further, a temporary stay pending appeal will have little impact on the equities of either party.  With respect to Harvard, the SEVP Revocation Letter and the Proclamation are currently enjoined, [ECF No. 73]; [Proclamation PI M&O], and Defendants have stipulated that the SEVP Revocation Letter will not be used to revoke Harvard's SEVP certification or EVP designation, see [Stipulation]. Regarding Defendants, the Court has already found that Harvard is likely to prevail on the merits of its First Amendment claims and that it is "skeptical that . . . 8 U.S.C. § 1182(f) authorizes the Proclamation," [Proclamation PI M&O at 20], rendering it unlikely that Defendants would succeed in dismissing those claims at this juncture of the litigation.  That would largely leave for consideration Defendants' arguments as to Harvard's equal protection and bill of attainder claims, to the extent they are based on the Proclamation, and Defendants' mootness argument as

6

to Harvard's claims involving the SEVP Revocation Letter.  See [MIS MTD at 29–31].  At least one of these arguments, that pertaining to Harvard's equal protection claim, overlaps considerably with certain issues implicated on appeal.  See [Proclamation PI M&O at 42 (stating that Harvard's equal protection claim is largely coextensive with its First Amendment retaliation claims)].  The Court finds, therefore, that the equities of the parties are sufficiently balanced, and that the most prudent path forward is to temporarily stay this case pending resolution of the appeal in order to promote judicial economy and lower the risk of inconsistent judgments.

### III.      CONCLUSION

For the reasons described herein, this case is **STAYED** pending the resolution of Defendants' appeal of the Proclamation Preliminary Injunction Memorandum and Order. Defendants' Motion to Dismiss is **DENIED AS MOOT** without prejudice, and Defendants will be permitted to file a revised motion to dismiss after the stay is lifted.  The parties are directed to submit a status report within 10 days of the decision of the First Circuit Court of Appeals.

**SO ORDERED.**

March 31, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE