IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>              *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>              *Defendants*. | Case No. 1:25-cv-11048-ADB |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO
SUPPLEMENT THE SUMMARY JUDGMENT RECORD**

Plaintiff President and Fellows of Harvard College ("Harvard") submits this motion to supplement the summary judgment record with new evidence apprising the Court of the Government's payment on July 8, 2025 on an otherwise terminated award addressed in Harvard's briefing. This payment was made *after* Harvard filed its Motion for Summary Judgment (ECF 69), Memorandum in Support (ECF 70), and Statement of Material Facts ("Pl.'s Facts") (ECF 71) on June 2, 2025, and after Harvard filed its Response and Reply (ECF 211) on June 30, 2025.

Harvard's opening brief on June 2 referred to the mass termination of awards by, among other agencies, the Department of Defense ("DoD"). Harvard's brief described a May 12, 2025, letter from DoD attaching a list of awards that "will be terminated" and DoD leadership's directive the next day to issue notices of cancellation and stop work orders for those awards. ECF 70 at 41.

One of the listed DoD awards was an award to Harvard from the Defense Advanced Research Projects Agency ("DARPA") on the Assured Microbial Preservation in Harsh or Remote Areas ("AMPHORA") Program, which—as Harvard's brief explained—DARPA personnel pleaded with the DoD officials to save because Harvard was the "top performing team" and its

1

work was "critical" to national security. *Id.* at 41-42. As of June 16, 2025, Defendants "admit[ted] or ha[d] no basis to dispute" that the award was terminated. ECF 185-2 ¶ 87; *see* Pl.'s Facts ¶ 87.

Despite the directive from DoD, DARPA has since asked Harvard's AMPHORA researchers to continue testing DARPA-supplied samples and to update DARPA on the project's progress. *See* Supplemental Declaration of John Shaw ¶ 4. ("Shaw Decl."). Given that Harvard researchers continued work on the project at the direction of DARPA, Harvard submitted a request for payment on July 2, 2025. *Id.* ¶ 5. The same day, Harvard sent an email asking the director of DARPA's Contracts Management Office to confirm whether the AMPHORA award is active. *Id.* ¶ 6. Harvard has not received a response. *Id.* On July 8, 2025, Harvard received approximately $373,000 in payment on the AMPHORA award. *Id.* ¶ 7. The payment covers work Harvard researchers performed on the AMPHORA project from May 1 to 31, 2025 (*id.* ¶ 5)—and thus *after* DoD terminated the award on May 12, 2025. *See* DoDHarv_00000047.

In resolving the pending dispositive motions, this Court should consider these developments by accepting the attached declaration of John Shaw. In general, the Court has ample "discretion" to allow the parties to supplement the summary judgment record. *White v. Hewlett Packard Enter. Co.*, 985 F.3d 61, 71 (1st Cir. 2021); *see Sheehan v. Marr*, 207 F.3d 35, 41 (1st Cir. 2000) ("We leave to the district court whether or not to permit the parties to enlarge the summary judgment record."); *Liberty Mut. Fire Ins. Co. v. SoClean, Inc.*, No. 22-CV-079-JL, 2023 WL 11886114, at *2 (D.N.H. Dec. 4, 2023) (similar); *Lincoln Nat. Life Ins. Co. v. Wilmington Tr. Co.*, No. CA 08-74 S, 2013 WL 4042659, at *4 (D.R.I. Aug. 9, 2013) (similar). This Court should exercise its discretion here by considering the attached declaration, for at least three reasons.

First, the evidence of DARPA's July 8 payment (and thus nontermination) was not available on June 2, 2025, when Harvard submitted its motion for summary judgment and

statement of undisputed facts, or on June 30 when it filed its reply brief. *See* Shaw Decl. ¶¶ 5-6. When Harvard first filed on June 2, nothing in the administrative record suggested that DARPA would continue funding or engaging with the AMPHORA team. With this motion, Harvard promptly brings this new evidence of payment to the Court's attention to ensure an accurate record.

Second, this new evidence provides further support for Harvard's arguments. The July 8, 2025 payment establishes that, despite the Government's assertion on May 12, 2025 that the AMPHORA award "will be terminated," the project remains active and continues to receive funding. That contradiction reinforces Harvard's argument that the Government's categorical terminations of research funding were arbitrary and capricious. DARPA's conduct is inconsistent with the stated basis for the termination that the AMPHORA award "no longer effectuates the program goals or agency priorities." DoDHarv_00000039; *see* DoDHarv_00000043. DARPA is not treating the AMPHORA award as terminated and in fact continues to believe that the award to Harvard does further agency goals and priorities. As Harvard argued, ECF 70 at 40-41, and the DARPA payment helps confirm, the Government's termination rationale is pretextual.

Third, this new evidence will not prejudice Defendants or burden the Court. The July 8, 2025 payment (and thus nontermination) is objective and unlikely to be disputed by Defendants. Harvard does not seek to reopen briefing or extend the schedule to address this new evidence. Meanwhile, Defendants' last brief is due July 14, 2025, thus affording them an opportunity to address this new evidence. The summary judgment hearing remains set for July 21, 2025.

Because allowing supplementation will help ensure a complete and accurate record without prejudicing Defendants or burdening the Court, the Court should grant Harvard's motion.

Dated: July 11, 2025

William A. Burck*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
williamburck@quinnemanuel.com

Robert K. Hur*
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
rhur@kslaw.com

Joshua S. Levy (BBO #563017)
Mark Barnes (BBO #568529)*
John P. Bueker (BBO #636435)
Elena W. Davis (BBO #695956)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Joshua.Levy@ropesgray.com
Mark.Barnes@ropesgray.com
John.Bueker@ropesgray.com
Elena.Davis@ropesgray.com

Douglas Hallward-Driemeier (BBO #627643)
Stephen D. Sencer*
ROPES & GRAY LLP
2009 Pennsylvania Avenue, NW
Washington, DC 20006
Douglas.Hallward-Driemeier@ropesgray.com
Stephen.Sencer@ropesgray.com

Respectfully submitted,

/s/ Steven P. Lehotsky
Steven P. Lehotsky (BBO # 655908)
Scott A. Keller*
Jonathan F. Cohn*
Mary Elizabeth Miller* (BBO # 696864)
Shannon G. Denmark*
Jacob B. Richards (BBO # 712103)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
T: (512) 693-8350
F: (512) 727-4755
steve@lkcfirm.com
scott@lkcfirm.com
jon@lkcfirm.com
mary@lkcfirm.com
shannon@lkcfirm.com
jacob@lkcfirm.com

Katherine C. Yarger*
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
katie@lkcfirm.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
josh@lkcfirm.com

Danielle K. Goldstein*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
danielle@lkcfirm.com

*Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

Counsel for Plaintiff certify that they have submitted the foregoing document with the clerk of court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for Plaintiff hereby certify that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ *Steven P. Lehotsky*
Steven P. Lehotsky

**LOCAL RULE 7.1 CERTIFICATION**

In accordance with the requirements of Local Rule 7.1(a)(2), I hereby certify that counsel for Plaintiff conferred with Defendants' counsel regarding this motion, and that Defendants' counsel stated that Defendants consent to this motion.

/s/ *Steven P. Lehotsky*
Steven P. Lehotsky